## Case No. 6,533.

### HITCHCOCK et al. v. GALVESTON.

[3 Woods, 269;[1] 1 Tex. Law J. 393.]

Circuit Court, E. D. Texas. May Term, 1878.

DEMURRER—SUSTAINED BY CIRCUIT COURT—RIGHT TO FILE FURTHER DEMURRERS AFTER REVERSAL.

Demurrers were filed in the circuit court, on various grounds, to the petition of the plaintiff, and were sustained by the court. The cause was taken by writ of error to the supreme court, by which the judgment of the circuit court was reversed and the cause remanded. *Held,* that the defendants should not be allowed to file, in the circuit court, further demurrers to the plaintiffs' petition.

This cause was heard upon the motion of plaintiffs [D. G. Hitchcock & Co.] to strike out certain demurrers, filed by the defendant, to the petition of plaintiffs. At the December term, 1874, the cause had been heard upon demurrers, based on various grounds, filed by the defendant to the petition. The demurrers had been sustained by the circuit court on two grounds, and the petition dismissed. See Hitchcock v. Galveston [Case No. 6,532]. The cause was carried to the supreme court of the United States, on writ of error, and the judgment of the circuit court was reversed and the cause remanded. The supreme court held that none of the demurrers were well taken. See Hitchcock v. Galveston, 96 U. S. 341. After the case came back to the circuit court the defendant filed other demurrers, alleging other causes of demurrer. The plaintiffs moved to strike out the newly filed demurrers. The case was heard upon this motion.

F. Charles Hume, for the motion.

W. P. Ballinger and George Flournoy, contra.

BRADLEY, Circuit Justice. The petition in this case, as amended from time to time, was dismissed by the circuit court, on two grounds: First. Because the contract for paving the streets of Galveston, made with the plaintiffs, was upon the condition precedent that they should obtain the written consent of the owners of the property fronting and abutting upon the sidewalks to be paved; and that the whole contract was an entirety, and did not contemplate grading, filling or curbing separate from paving; and that the petition contained no allegation that this condition precedent had been performed, and hence alleged no cause of action. The supreme court held this position to be erroneous, declaring that the contract was severable, and that the condition precedent related only to the paving; and, as the petition only claimed damages for the breach of the contract so far as it related to grading, filling and curbing, the petition should not have been dismissed for this ground. The other ground on which the circuit court dismissed the petition was that the contract provided

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

for the payment of the work in bonds to be issued by the city, having the character of negotiable instruments. The circuit court held that the city had no authority to issue such bonds, or to agree to do so, and therefore the contract was without authority. The supreme court decided that the dismissal of the petition on this ground was also erroneous; for, conceding that the city had no authority to issue such bonds (and whether it had or not the court did not decide), still, as the city had power to pave the streets, and to contract for that purpose, the contract might be valid in every respect, except as to the manner of payment; and, if the payment in bonds was not authorized, the plaintiffs would not be precluded from their rights to recover on their contract. The court say: "If payment cannot be made in bonds because their issue is ultra vires, it would be sanctioning rank injustice to hold that payment need not be made at all. Such is not the law. The contract between the parties is in force so far as it is lawful." Again: "The corporation can be held liable on its contract. Having received benefits at the expense of the other contracting party, it can not object that it was not empowered to perform what it promised in return, in the mode in which it promised to perform." Hitchcock v. Galveston, 96 U. S. 341. Besides deciding that the dismissal of the petition was erroneous, so far as related to the grounds on which it was placed by the circuit court, the supreme court felt bound to go further and inquire whether the demurrers presented any other grounds on which the judgment of the circuit court could be sustained. The court, therefore, examined with considerable care the points made with regard to the validity of the contract as depending upon the power of the city to make it, and the authority of the officers through whose agency it was made. The conclusion reached on this subject was, that the city had full power to make the contract, so far as the grading and paving were concerned, and that the officers were sufficiently authorized; and, if not, that the contract was abundantly ratified by the council after it was entered into.

This is all that has been decided in the case, and it may be recapitulated as follows: First, the petition sets out a valid contract on the part of the city of Galveston, in all respects, except perhaps the agreement to issue bonds in payment of the obligation incurred by it. Second, this contract is severable as between the parts that relate to paving and those relating to grading, curbing and filling; and the condition of obtaining the consent of the property owners does not relate to the latter. Third, the plaintiff's action is based on the latter portion of the contract, relating to the grading, curbing and filling; and they set out a sufficient breach of the contract, in that regard, on the part of the defendant to show a cause of action. Fourth, therefore the pe-

tition should not have been dismissed. Some points raised by the demurrers to the petition are not decided by the judgment of the supreme court. First: Whether the defendants had a right to issue bonds, and to contract for so doing. This was decided by the circuit court in its previous judgment, but was regarded by the supreme court as immaterial on the question of dismissing the petition and was not passed upon. The former opinion of the circuit court will be adhered to, and the question will not be considered as open for further argument here. Second: Whether the plaintiffs are entitled to recover profits for that portion of the contract which was not performed. Third: What will be regarded as the measure of damages, both for work done and for profits on work not done, should it be held that profits are recoverable.

These points are still open for discussion, although it may be contended that they are inferentially decided by the judgment of the supreme court. I do not think that the defendants should be allowed to file any further demurrers to the petition. They had already demurred and answered three times before the case was taken to the supreme court. I think it would be an abuse of the right of amendment to allow any further demurrers to be filed. In the first place, it would be out of the order of pleading, inasmuch as a full answer had already been made to the facts; and, in the second place, it would be an abuse of the manner of pleading calculated to draw after it very inconvenient consequences. After the parties have gone to the highest court upon the validity of the petition, the court should examine with much jealousy any attempts to change the pleadings in the case. It would encourage speculation upon the opinion of the supreme court. There ought, some time or other, to be an end of raising legal objections. I think that end properly came in this case when the cause went to the supreme court. I have no doubt that it will be found that every material point of defense can be presented on the trial of the cause under the points which have been raised. An order will be made to strike out all demurrers filed to the petition since the cause has been remanded from the supreme court.